UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| DAVID JAMES REISCHAUER #190306, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:06-cv-150 |
| | ) | |
| v. | ) | HON. GORDON J. QUIST |
| | ) | |
| LINDA METRISH, et al., | ) | |
| | ) | **OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, P∪B. L. N∘. 104-134, 110 S⊤A⊤. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint, in part, for failure to state a claim.

**Discussion**

I.  Factual Allegations

Plaintiff David James Reischauer, an inmate at the Hiawatha Correctional Facility (HTF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Linda Metrish, Grievance Coordinator John Ermatiger, Corrections Officer Curtis Crawford, Administrative Assistant Michael Sibbald, Assistant Deputy Warden Fredrick Robinson, Deputy Warden Keith Fecteau, Corrections Officer Greg Wink, Corrections Officer Dennis Steffey, Inspector David Isard, Corrections Officer Robert Mattern, Corrections Officer Dick Kreiser, Corrections Officer Robert Batho, and Librarian Kevin Hutchinson.

Plaintiff alleges in his complaint that Defendant Crawford subjected him to sexual harassment in the bathroom on January 2, 2006, when he demanded to see Plaintiff's identification card while Plaintiff was defecating and urinating. Plaintiff told Defendant Crawford that he was going to file a grievance on him for sexual harassment. On January 3, 2006, Plaintiff received a misconduct ticket for smoking, in which Defendant Crawford stated he saw Plaintiff smoking in the bathroom on January 2, 2006. Defendant Crawford admitted on January 10, 2006, that he did not see Plaintiff smoking. On February 10, 2006, Defendant Crawford once again sexually harassed Plaintiff while Plaintiff was in the shower by demanding that Plaintiff open the curtain and show his identification card. During this incident, Defendant Crawford told Plaintiff to make sure that he did not "play with that little thing" in the shower. Defendant Crawford also told Plaintiff not to let himself be caught smoking.

On January 11, 2006, Defendant Wink conducted a hearing on the smoking misconduct ticket, despite the fact that he did not have any authority to do so. Defendant Wink

found Plaintiff guilty of the misconduct conviction and Plaintiff filed an appeal. Plaintiff alleges that on February 2, 2006, Defendant Steffey threatened Plaintiff by stating that if he did not sign off on past grievances and say that he had lied on them, he would be placed in the "hole." Plaintiff complied with the threat because he was afraid of what Defendant Steffey would do. On February 10, 2006, Plaintiff received a major misconduct ticket for "interference with the administration of rules" from Defendant Batho and on March 14, 2006, Plaintiff received a major misconduct for making false statements in a grievance. Plaintiff states that he never received a formal hearing and, thus, was not found guilty of lying in his grievance.

Plaintiff alleges that on February 13, 2006, he attempted to file a grievance regarding sexual harassment, retaliation and conspiracy with Defendant Ermatiger, but the attempt was rejected because Plaintiff could not get Defendant Librarian Hutchinson to make needed copies. Plaintiff claims that Defendant Ermatiger interfered with his ability to file grievances in violation of MDOC policy. Plaintiff claims that Defendant Fecteau, while acting as Warden, improperly denied Plaintiff's grievance appeals in violation of state policy. Plaintiff states that on March 29, 2006, he appealed guilty findings in misconduct convictions from March 20, 2006, and March 24, 2006. Plaintiff states that Defendant Robinson failed to answer Plaintiff's appeals. Plaintiff contends that Defendants Steffey and Mattern held misconduct hearings without the proper authority.

Plaintiff claims that Defendant Metrish knowingly allowed her subordinates to engage in misconduct by refusing to take action after Plaintiff complained and improperly had Plaintiff placed on modified access to the grievance procedure. Plaintiff states that on April 18, 2006, Defendant Kreiser squeezed Plaintiff's buttocks and planted matches on Plaintiff during a search in retaliation for Plaintiff's use of the grievance procedure. Plaintiff received a major misconduct ticket

for the matches, but was found "not guilty." Plaintiff states that on April 24, 2006, Defendant Hutchinson improperly denied Plaintiff copies needed for filing grievances and complaints, telling Plaintiff to copy them by hand. Plaintiff states that handwritten copies do not comply with the court rules and affected his right of access to the courts. Plaintiff seeks damages.

II.      Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

Plaintiff is claiming that Defendant Hutchinson violated his First Amendment right of access to the courts by denying him copies for grievances and complaints. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 351 (1996).

Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975 (6th Cir. March 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. March 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8, 1985).

To state a claim, an inmate must show that any shortcomings in the library, litigation tools, or legal assistance caused actual injury in his pursuit of a legal claim. *Lewis*, 518 U.S. at 351; *Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). Particularly, an inmate cannot show injury when he still has access to his legal materials by request, *Kensu*, 87 F.3d at 175, when he fails to state how he is unable to replicate the confiscated documents, *Vandiver*, 1994 WL 677685, at *1, or when he could have received the material by complying with the limits on property, e.g., where he had the opportunity to select the items that he wanted to keep in his cell, or when he had an opportunity to purchase a new footlocker that could hold the property. *Carlton v. Fassbender*, No. 93-1116, 1993 WL 241459, at *2 (6th Cir. July 1, 1993). Therefore, in order to succeed in this claim, Plaintiff must demonstrate actual injury to pending or contemplated litigation. *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001).

Further, in order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous). Plaintiff in this case makes only a conclusory assertion of injury. Plaintiff fails to specifically allege what, if any, litigation was affected by Defendant Hutchinson's conduct. Nor does Plaintiff specify the nature of any injury which may have occurred.

The Sixth Circuit has repeatedly held that the constitutional right of access to the courts does not entitle prisoners to free access to photocopying machinery. *See*, *e.g.*, *Bell-Bey, v. Toombs*, No. 93-2405, 1994 WL 105900 (6th Cir. March 28, 1994) ("the law is settled that an inmate does not enjoy a federal constitutional right to unlimited free photocopying services"); *Hawk v. Vidor*, No. 92-2349, 1993 WL 94007, *1 (6th Cir. March 31, 1993) ("the right to have access to the courts is not interpreted as requiring unlimited access to photocopiers"); *Al- Jabbar v. Dutton*, No. 92-5004, 1992 WL 107016, at *1 ("a prisoner's right of access to the courts does not guarantee him unlimited photocopying at the state's expense") (6th Cir. May 19, 1992); *Bond v. Dunn*, No. 89-6181, 1989 WL 149988, at *1 (6th Cir. Dec. 12, 1989) ("The constitutional right of access to the

courts does not require that prison officials provide inmates free access to photocopying machinery"), *cert. denied*, 494 U.S. 1006 (1990); *Fazzini v. Gluch*, No. 88-2147, 1989 WL 54125, *2 (6th Cir. May 23, 1989) ("The right of access to the courts does not require that prison officials provide free, unlimited access to photocopy machines"). In the absence of actual injury, Plaintiff fails to state a claim of constitutional significance.

        Plaintiff claims that Defendants Ermatiger and Fecteau improperly rejected a grievance and denied a grievance appeal in violation of MDOC policy. Plaintiff claims that Defendants' improper handling of his grievances violated his constitutional rights. The Sixth Circuit has indicated that the filing of grievances is constitutionally-protected conduct for which a prisoner cannot be retaliated against. *Shehee v. Luttrell*, 199 F.3d 295, 300-301 (6th Cir. 1999), *cert. denied*, 120 S. Ct. 2724 (2000). However, a prisoner has no constitutional right to any effective grievance procedures or access to any such procedure voluntarily established by the state. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied*, 510 U.S. 1022 (1995) (collecting cases); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Lutchey v. Wiley*, No. 98-3760, 1999 WL 645951, at **1 (6th Cir. Aug 13, 1999); *Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998); *Saylor v. O'Dea*, No. 96-6685, 1997 WL 693065, at *2 (6th Cir. Oct. 31, 1997); *Wilcox v. Johnson*, No. 95-1754, 1996 WL 253868, at *1 (6th Cir. May 13, 1996). Michigan law does not create a liberty interest in the grievance procedure. *See Wilcox*, 1996 WL 253868, at *1; *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. March 28, 1994). The court finds that Plaintiff fails to state a claim for the abridgement of his right to petition the government for redress.

Plaintiff claims that Defendant Metrish improperly placed Plaintiff on modified access to the grievance procedure in order to protect her subordinates. Plaintiff appears to be claiming that his "illegal" placement on modified access to the grievance procedure violated his procedural due process rights. However, a Michigan state prisoner's right to use the grievance procedure is not derived from mandatory language in a regulation, nor does placement on modified access to the grievance procedure constitute an "atypical and significant hardship" on a prisoner. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). In addition, the Sixth Circuit has addressed modified access to the grievance process in an unpublished opinion and has held that such modified access does not deny a Michigan prisoner the right or ability to seek redress for meritorious grievances. Rather, it merely requires the prisoner to obtain permission from the grievance coordinator to file a grievance. *Corsetti v. McGinnis*, No. 00-1409, 2001 WL 1298830, \*\*2 (6th Cir., Aug. 7, 2001); *Hartsfield v. Mayer*, No. 94-00122, 1996 WL 43541, \*\*3 (6th Cir. Feb. 1, 1996). Therefore, Plaintiff's claim against Defendant Metrish is properly dismissed.

Plaintiff claims that he was falsely convicted of numerous major misconducts as a result of the conduct of Defendants Wink, Steffey, Mattern and Robinson. The Supreme Court has held that a claim for declaratory and injunctive relief, as well as for monetary damages, based upon allegations of deceit and bias on the part of the decisionmaker that necessarily implies the invalidity of the punishment imposed, is not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). The Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render*

*a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original).

The Supreme Court revisited this issue in *Wilkinson v. Dotson*, 125 S. Ct. 1242 (Mar. 7, 2005), a case in which the plaintiffs claimed that the retroactive application of parole guidelines violated the Constitution's *Ex Post Facto* and Due Process Clauses. The plaintiffs sought a new parole eligibility review and a new parole hearing in accordance with the correct guidelines. *Wilkinson*, 125 S. Ct. at 1244. In *Wilkinson*, the Court discussed the effect of its decisions in *Heck* and *Edwards*, as well as *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and *Wolff v. McDonnell*, 418 U.S. 539 (1974) on the issue:

> Throughout the legal journey from *Preiser* to *Balisok*, the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement--either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody. Thus, *Preiser* found an implied exception to § 1983's coverage where the claim seeks--not where it simply "relates to"-- "core" habeas corpus relief, *i.e.,* where a state prisoner requests present or future release. Cf. *post,* at ----5 (KENNEDY, J., dissenting) (arguing that *Preiser* covers challenges that "relate ... to" the duration of confinement). *Wolff* makes clear that § 1983 remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner. *Heck* specifies that a prisoner cannot use § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence. And *Balisok*, like *Wolff*, demonstrates that habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of not previously invalidated) state confinement. These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson*, 125 S. Ct. at 1247-48. The Court then concluded that because the plaintiffs' claims did not necessarily imply the invalidity of their convictions or sentences, they could present these claims in the context of a § 1983 action. *Id.* Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Wilkinson*, 125 S. Ct. at 1247-48; *Edwards*, 520 U.S. at 646.

In *Muhammad v. Close*, 124 S. Ct. 1303 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *See Johnson v. Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004). In other words, *Edwards* still applies where a plaintiff has lost good time as the result of the misconduct conviction. Under Michigan law, a prisoner loses good time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated credits. *Id.* Plaintiff does not assert that he did not forfeit good time credit for the month of his convictions. Accordingly, Plaintiff's claims against Defendants Wink, Steffey, Mattern and Robinson remain noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Shavers v. Stapleton*, No. 03-2210, 2004 WL 1303359, at *1 (6th Cir. June 9, 2004).

Finally, the court notes that Plaintiff's claims that Defendants Crawford and Kreiser violated his Eighth Amendment rights by sexually harassing him, and his retaliation claims against Defendants Steffey and Kreiser[1] are nonfrivolous and may not be dismissed upon initial review.

---

[1] Plaintiff claims that Defendants Steffey and Kreiser set Plaintiff up for false retaliatory misconduct tickets. Because Plaintiff claims that he was never found guilty of these misconducts, his claims are not barred by *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). The Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's claims against Defendants Wink, Metrish, Ermatiger, Fecteau, Robinson, Steffey, Mattern and Hutchinson will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

A judgment consistent with this opinion will be entered.


Dated:  July 19, 2006                             /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE